BURTON D. LINNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Linne v. Commissioner
Docket No. 25827-91
United States Tax Court
T.C. Memo 1993-496; 1993 Tax Ct. Memo LEXIS 507; 66 T.C.M. (CCH) 1147; October 27, 1993, Filed *507 Decision will be entered for respondent. Burton D. Linne, pro se. For respondent: Susan E. Overlander. SCOTT SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1980 through 1984 and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 2,530
$ 633
$ 127
50% of the interest on
the entire deficiency.
1981
2,880
720
144
same
1982
2,959
740
148
same
1983
3,023
756
151
same
1984
1,361
340
68
same
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The issue for decision is whether respondent properly computed petitioner's taxable income for each of the years here in issue by a source and application method based on the difference in reported income and petitioner's expenses, including living expenses. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner at the time of the filing of his *508 petition in this case resided in Arlington, Virginia. Petitioner did not file income tax returns for any of the years here in issue until January 27, 1989. On December 20, 1985, petitioner was convicted of conspiracy to defraud the United States Government in violation of Title 18 U.S.C. 371 (1988), mail order fraud in violation of Title 18 U.S.C. 1341 (1988), and willful failure to file tax returns for the years 1980 through 1984 in violation of Title 26 U.S.C. 7203 (1988). The returns filed by petitioner after his conviction for willful failure to file returns reported income and expenses. The income reported in each year was less than the business expense deductions reported by petitioner. Petitioner lived frugally in an apartment with his wife and daughter. Petitioner had no adequate books and records available when respondent began the investigation of his income tax liability for each of the years here involved and, therefore, respondent reconstructed petitioner's income based on a source and application method determining that his income was at least enough to *509 pay his business expenses and his personal living expenses. The personal living expenses determined by respondent were on the basis of conversations with petitioner. Respondent determined petitioner's personal living expenses for 1980 to be $ 12,585, for 1981 to be $ 13,214, for 1982 to be $ 13,875, for 1983 to be $ 14,569, and for 1984 to be $ 7,649. The year where the personal living expenses were directly determined from conversations with petitioner was 1982, and this amount was reduced by 5 percent for 1981 and the amount for 1981 by 5 percent for 1980. The amount for 1982 was similarly increased on a basis of 5 percent for 1983, and for the year 1984 it was increased by 5 percent over 1983, but only half the year's expenses were included. Petitioner argued at the trial that respondent had not accurately determined his living expenses for 1982, but did not object to the use of the 5 percent inflation rate. Petitioner also contended at the trial that he had some cash savings at the beginning of 1980 and received some loans in 1982, 1983, and 1984. OPINION This case is purely factual. Mr. Linne made no reference to any books which he had or ever had that would be sufficient *510 to really determine his income. He argued primarily that his criminal conviction was wrong, and that he had some money in cash at the beginning of 1980, but did not know how much. He said he had no bank records of any money because at that time he did not use banks, but carried on all of his activities in cash and kept his savings in cash. Mr. Linne also testified that he had a friend who lent him money during 1982, 1983, and 1984. The friend, Mr. Linne stated, lived in Annapolis, so the Court took a recess until the following day to permit Mr. Linne to have his friend come in and testify. However, when the case was called for Mr. Linne to offer his witness, he stated that the friend was not feeling well and would not come in to testify. Mr. Linne stated that he could not remember the amount of his living expenses, but that he probably had estimated inaccurately when he talked to respondent's agent. He claimed that he could show error in respondent's determination of his living expenses if he had certain records that were in the custody of the Department of Justice. The Court arranged for Mr. Linne to be shown all of the documents relating to his affairs that were in the custody *511 of the Department of Justice. The Court suggested that the parties stipulate in the record any items that Mr. Linne considered to support his position. The record was held open to receive these documents. The Court received a document showing a monthly rent payment by petitioner for April 1984 in the amount of $ 410. Later, petitioner submitted a rent receipt for February 1984 which showed a monthly rental of $ 410, and an electrical bill for the period April 13, 1984 to May 15, 1984, of $ 24.63. These later two documents were received in evidence on petitioner's motion to which respondent made no objection. The documents petitioner put in evidence actually support rather than rebut the determination respondent made of petitioner's living expenses. In his brief petitioner argues that his living expenses should be less than those determined by respondent, but has offered no evidence to substantiate this claim. Petitioner in his brief also states that he was a married taxpayer filing separately in each of the years here in issue, that his wife, Patricia Linne, had no income and was completely dependent on him at all times during all the years, and that his daughter, Victoria *512 Linne, was his dependent during some of the years here in issue. The evidence shows that petitioner claimed Victoria as a dependent on his 1980, 1981, 1982, and 1983 income tax returns, and there is nothing in the record to show that respondent did not allow him the claimed dependency exemptions. The evidence in the record does not actually show whether petitioner supported his daughter Victoria during these years. The income tax returns petitioner filed also check his spouse as a dependent and claimed three dependency exemptions in 1980, 1981, 1982, and 1983, and two dependency exemptions in 1984. It does not appear from the notice of deficiency that respondent disallowed the claimed dependency exemptions. Petitioner has totally failed to show error in respondent's determination. Petitioner made no showing with respect to any reasonable cause for the late filing of his income tax returns for the years here in issue, and his conviction for willful failure to file would indicate that there was none. Petitioner has made no showing that the deficiencies were not due to negligence and, in fact, the record affirmatively supports that they were. The burden of proof is on petitioner, *513 and he has failed to show error in respondent's determination. Decision will be entered for respondent.